UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CASSADAY,<br>         Plaintiff,<br><br>-v-<br><br>UNITED STATES GOVERNMENT,<br>         Defendant. | No. 1:21-cv-708<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Kevin Cassaday, proceeding without the benefit of counsel, filed a complaint against the United States Government. He alleges that he has been targeted by the United States Government following the approval of his social security case. He claims that the Defendant has been trying "systematically to take him out." (PageID.1.) He contends that Defendant has been systematically targeting Native Americans through legislation. Plaintiff also asserts the Defendant created the COVID-19 virus.

Plaintiff submitted an application for leave to proceed in forma pauperis, which was approved. Because the Court permitted Plaintiff to proceed without paying the filing fee, the Magistrate Judge reviewed the complaint to determine whether it was frivolous, malicious, or failed to state a claim. *See* 128 U.S.C. § 1915(e)(2).

The Magistrate Judge issued a report recommending that the Court dismiss the lawsuit. (ECF No. 7.) The Magistrate Judge concludes Plaintiff failed to allege specific facts to support his perfunctory allegations.

The Magistrate Judge also recommends that the Court prohibit Plaintiff from proceeding in forma pauperis in any future proceeding in this Court. The Magistrate Judge explained that this lawsuit is the first of seventeen filed by Plaintiff on August 19, 2021. None of the lawsuits allege sufficient facts to state a claim for which any court could grant relief. The Magistrate Judge concludes Plaintiff has abused the privilege of proceeding in forma pauperis and has taxed the Court's limited time and resources. The Magistrate Judge finds that the prohibition on proceeding without the payment of fees would be the least severe sanction likely to deter Plaintiff from filing vexatious and frivolous lawsuits in the future. Finally, the Magistrate Judge informed Plaintiff that any objections to the Report and Recommendation must be filed within 14 days.

Plaintiff timely filed objections. (ECF No. 8.) Plaintiff requested that the document be filed in all of his lawsuits.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has carefully reviewed the complaint, the report and recommendation, and Plaintiff's objections.

1. Plaintiff's objections do not address any specific findings of fact or conclusion of law set forth in the Report and Recommendation issued in this lawsuit. Generally, Plaintiff complains about his health issues, the medical treatment he has received, and problems with his attempts to be removed from an organ donor list. Plaintiff does mention one of the other lawsuits he filed against the Michigan Marijuana Regulatory Agency, which is not a part of the United States Government.

2. Plaintiff specifically objects to the Magistrate Judge, "or any other," dismissing any of his lawsuits. Plaintiff's objection is overruled. First, the Magistrate Judge did not dismiss the lawsuit; the Magistrate Judge recommends dismissing the lawsuit. Second, to avoid dismissal of a claim or a lawsuit, a party must allege facts that, if true, would establish a claim for which a court could grant relief. A party's allegations must include details; broad, sweeping allegations of wrongdoing are not sufficient. After reviewing the complaint, the Magistrate Judge concluded that Plaintiff's allegations lacked the necessary details to state a claim. The Magistrate Judge then recommended dismissing the lawsuit. Plaintiff has been afforded the opportunity to object. Plaintiff's objection does not address the deficiencies identified by the Magistrate Judge.

3. The Court agrees with the Magistrate Judge's recommendation that Plaintiff needs to be restricted from proceeding in the future without paying the filing fee. Plaintiff filed 17 lawsuits on August 19. He filed another 6 lawsuits on August 26. And, he filed 2 more lawsuits on August 30. None of the 25 lawsuits contain sufficient details or facts to state a claim. Importantly, Plaintiff did not specifically object to any of the facts contained in this part of the Report and Recommendation. Nor did Plaintiff specifically object to the

recommendation that he be sanctioned and prevented from proceeding in forma pauperis in the future.

Accordingly, the Court **ADOPTS** as its Opinion the Report and Recommendation. (ECF No. 7.)  The Court **DISMISSES** this lawsuit for the failure to state a claim.  The Court concludes any appeal would not be taken in good faith.

The Court **DENIES** Kevin Cassaday the privilege of proceeding in forma pauperis in any future lawsuits filed the Western District of Michigan.

**IT IS SO ORDERED.**

Date:     September 2, 2021             /s/  Paul L. Maloney
                                            Paul L. Maloney
                                            United States District Judge